| | |
|---|---|
| Adriana Ifergane, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-21123-Civ-Scola |
| Pascal Fratellini and Scott Holland | ) |
| Defendants. | ) |

### Order Denying Motion to Reconsider and Motion to Amend the Complaint

This action arises from Plaintiff Adriana Ifergane's allegations that Defendants Pascal Fratellini and Scott Holland interfered with her expectancy that she would receive benefits under a life-insurance policy maintained by her former husband, Charles Schreiner. (Am. Compl., ECF No. 9.) After careful review, the Court recently granted Fratellini's motion for summary judgment in its entirety and granted in part and denied in part Holland's motion. (Order, ECF No. 48.) In response, Plaintiff Adriana Ifergane asks for leave to amend her complaint (ECF No. 53) and for the Court to reconsider its ruling on the motions for summary judgment (ECF No. 54). The Court has reviewed and considered both motions, along with the record and the relevant legal authorities, and finds them to be without merit. The Court thus **denies** both motions (**ECF Nos. 53, 54**.)

To begin with, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a

previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted.

Here, Ifergane does not complain that the Court erred substantively in granting summary judgment in favor of the Defendants. Instead she claims, regarding her request for declaratory relief, "[t]he Court did not have the fact before it that the life insurance benefits have been paid by the life insurance company, but held by a third-party attorney, pending the outcome of this litigation" and "that the funds have not been finally received by any beneficiary." (Pl.'s Mot. to Reconsider ¶1, ECF No. 54, 1.) Ifergane explains these "additional specific facts were discovered" after she initiated this litigation. (*Id.* at ¶9.) In order to "introduce previously unsubmitted evidence in a motion for reconsideration," however, "the party must also show that the evidence was not available before the entry of judgment." *State Auto Prop. and Cas. Ins. Co. v. Jacobs*, 19-11122, 2019 WL 5295374, at *4 (11th Cir. Oct. 18, 2019). Here, Ifergane presents no indication that the evidence was not available prior to the Court's ruling on the summary-judgment motions; instead, she only says she failed to discover it. Thus, even if this "newly discovered" fact was sufficient to otherwise support her motion, Ifergane has failed to show that the evidence was previously unavailable, despite her diligence in seeking to ascertain it.

Ifergane also seeks leave to amend her complaint to include a claim for unjust enrichment against Fratellini. (Pl.'s Mot. to Amend.) In support of her request, she points to Federal Rules of Civil Procedure 15(a)(2) which provides "[t]he court should freely give leave" to amend "when justice so requires." When leave to amend, however, is sought ***after*** the deadline to amend the pleadings has passed, as here, the movant must do more than argue leave is due under Federal Rule of Civil Procedure 15(a). That is, the movant must also show "good cause" under Federal Rule of Civil 16(b) in order to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is lenient, still, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment."

*See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted).

Here, Ifergane fails to present the good cause necessary to justify her delay in seeking the amendment well after the deadline to do so has passed and just two weeks before trial. Indeed, Ifergane herself acknowledges "[t]he amendment does not raise any new facts that are unknown to the parties to the action." (Pl.'s Mot. to Amend at ¶ 9.) Instead, she explains, "[t]he amendments better show the legal issues raised by the facts." (*Id.*) Ifergane, therefore, has not presented the good cause necessary to support her request for leave to amend well beyond the July 18, 2019, deadline to do so.

As set forth above, the Court **denies** both Ifergane's motion for reconsideration (**ECF No. 54**) as well as her motion for leave to amend her complaint (**ECF No. 53**).

**Done and ordered**, in Miami, Florida on February 4, 2020.

Robert N. Scola, Jr.
United States District Judge