United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Adriana Ifergane, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-21123-Civ-Scola |
| Pascal Fratellini and Scott Holland | ) |
| Defendants. | ) |

### Order Denying Motion for Entry of Final Judgment

After the Court granted summary judgment in Defendant Pascal Fratellini's favor, Fratellini sought the entry of a final judgment as provided for under Federal Rule of Civil Procedure 58(d). A final judgment under Rule 58, however, "is proper only after the rights and liabilities of *all* the parties to the action have been adjudicated." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 167 (11th Cir. 1997) (emphasis supplied). Here, a claim against Fratellini's co-defendant remains pending. Thus, the rights and liabilities of all the parties to the action have not been fully adjudicated.

While a "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties," it may only do so upon a finding that "there is no just reason for delay." Fed. R. Civ. P. 54(b). Although Fratellini maintains in his motion that "there is no just reason for delay," he provides no support for his conclusion. To make such a determination, a district court must "balance judicial administrative interests and relevant equitable concerns" in order to ensure that application of the Rule "effectively preserves the historic federal policy against piecemeal appeals" and is limited to "instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Ebrahimi*, 114 F.3d at 165–66. Fratellini has made no such showing. The Court, therefore, **denies** his motion for the entry of final judgment. (**ECF No. 49**).

**Done and ordered** at Miami, Florida, on February 5, 2020.

_____
Robert N. Scola, Jr.
United States District Judge